UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEA BOURGEOIS,

  Plaintiff,                                              CASE NO.:

-VS-

WELLS FARGO BANK, N.A.,

  Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like WELLS FARGO BANK, N.A. from invading American citizens' privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." <u>Mims v. Arrow Fin. Servs., LLC</u>, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

1

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described herein occurred in Pensacola, Escambia County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Escambia County, Florida.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

11. Defendant, WELLS FARGO BANK, N.A., is a corporation and national association, with its principal place of business in San Francisco, California, and conducting business in the state of Florida.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

13. Defendant is a "creditor" as defined in Florida Statute 559.55(5).

14. Plaintiff is the regular user and carrier of the cellular telephone number (850) 485-3687, and was the called party and recipient of Defendant's hereinafter described calls.

15. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

17. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

18. In or about October of 2013, Plaintiff began receiving calls to her aforementioned cellular telephone from Defendant seeking to recover a debt from Plaintiff.

19. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (800) 678-7986, (909) 890-4592, (866) 412-6942, (866) 398-7556, (612) 312-8550.

20. In or about October of 2013, Plaintiff answered a call from Defendant, held on the line to be connected to a live representative, and informed an agent/representative of Defendant that she was aware that a payment was due and did not need reminder phone calls, that she would make the payment when she was able, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

21. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had

for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

22. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

23. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

24. On at least six (6) separate occasions from October of 2013 through December of 2014, Plaintiff answered a call from Defendant, received Defendant's prerecorded message stating "hold for an important message from Wells Fargo, please wait," held the line to be connected to a live representative, and informed an agent/representative of Defendant that the calls to her aforementioned cellular telephone number were harassing, and demanded that Defendant cease placing calls to her phone.

25. Each of the Plaintiff's requests for the harassment to end were ignored.

26. Again, on or about March 24, 2015, due to the ceaseless barrage of phone calls to her aforementioned cellular telephone number, Plaintiff answered a call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Angela, and instructed Angela to please quit calling her aforementioned cellular telephone number.

27. Again that same day, on or about March 24, 2015, due to continued phone calls to her aforementioned cellular telephone number, Plaintiff answered a second call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Joel, and informed Joel that she had previously asked

Defendant to stop calling her, instructed Joel to please quit calling her aforementioned cellular telephone number.

28. Later that same day, on or about March 24, 2015, as the calls to her aforementioned cellular telephone continued, Plaintiff answered a third call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Usef, and instructed Usef to quit calling her aforementioned cellular telephone number.

29. Additionally, on or about March 25, 2015, due to continued phone calls to her aforementioned cellular telephone number, Plaintiff answered a call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Casey, and instructed Casey not to call back on aforementioned cellular telephone number.

30. Again that same day, on or about March 25, 2015, due to continued calls to her aforementioned cellular telephone number, Plaintiff answered a second call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Mike, and instructed Mike not to call anymore on her aforementioned cellular telephone number.

31. Later that day, on or about March 25, 2015, Plaintiff answered a third call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Angela, and instructed Angela to please quit calling her aforementioned cellular telephone number.

32. Additionally, on or about March 26, 2015, due to the ceaseless barrage of phone calls to her aforementioned cellular telephone number, Plaintiff answered a call from Defendant,

held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Kayla, and instructed Kayla to please quit calling her aforementioned cellular telephone number.

33. Again that same day, on or about March 26, 2015, due to continued phone calls to her aforementioned cellular telephone number, Plaintiff answered a second call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Joel, and instructed Joel to please stop calling her aforementioned cellular telephone number.

34. Additionally, on or about March 27, 2015, due to the ceaseless barrage of phone calls to her aforementioned cellular telephone number, Plaintiff answered a call from Defendant, held on the line to be connected to a live representative, and was connected to an agent/representative of Defendant named Shanora, and instructed Shanora not to call back on her aforementioned cellular telephone number.

35. Furthermore, on or about March 31, 2015, Plaintiff received correspondence from Defendant stating that it had received her request that Defendant discontinue all telephone contact with Plaintiff, and enclosing a prewritten statement that Plaintiff was to execute and return to Defendant confirming that she wished for Defendant to discontinue telephone contact (Please see attached **Exhibit "A"**).

36. On or about March 31, 2015, Plaintiff executed and returned to Defendant the aforementioned statement confirming Plaintiff's request for Defendant to cease telephone contact with Plaintiff (Please see attached **Exhibit "B"**).

37. Again, the Plaintiff's requests for the harassment to end were ignored.

38. On or about, but not limited to, December 19, 2014 at 12:31 pm CT, December 24, 2014 at 12:07 pm CT, and December 26, 2014 at 10:56 am CT, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which left a voicemail including the following identical pre-recorded message:

> "This is Jackie with Wells Fargo Home Mortgage calling in regards to your mortgage. Please call us at 866 412 6942. Our hours of operations are Monday through Thursday seven o'clock am to ten o'clock pm, Fridays seven o'clock am to five o'clock pm and Saturdays seven o'clock am to four o'clock pm central time. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Our phone number once again is 866 412 6942. We look forward to talking with you. Thank you."

39. On or about, but not limited to, December 19, 2014 at 01:11 pm CT, December 19, 2014 at 08:47 pm CT, December 21, 2014 at 03:03 pm CT, December 23, 2014 at 11:42 am CT, December 23, 2014 at 11:43 am CT, December 24, 2014 at 10:19 am, December 24, 2014 at 12:33 pm CT, December 26, 2014 at 12:13 pm CT, December 28, 2014 at 02:04 pm CT, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which left a voicemail including the following identical pre-recorded message:

> "This is Sarah with Wells Fargo Home Mortgage, your mortgage servicer, calling in regards to your mortgage. Please call us at 800 678 7986. Our hours of operation are seven o'clock am to ten o'clock pm central time, Monday through Friday; eight o'clock am to six o'clock pm central time on Saturdays; and one o'clock pm to five o'clock pm on Sundays. This is an attempt to collect a debt and any information obtained will be used for that purpose. That phone number once again is 800 678 7986. We look forward to talking with you today. Thank you."

40. From October of 2013 through the filing of this Complaint, Defendant has placed approximately three-hundred (300) calls per month, or about six-thousand five-hundred (6,500) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "C"** representing a non-exclusive call log from May 26, 2015 through June 28, 2015).

41. From October of 2013 through the filing of this Complaint, Plaintiff has answered approximately twenty (20) of Defendant's calls, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

42. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

43. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

44. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

45. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

46. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

47. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

48. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

49. Defendant has had numerous complaints from consumers against them across the country asking not to be called, however the Defendant continues to call.

50. Defendant violated the TCPA with respect to the Plaintiff.

51. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

52. Plaintiff incorporates Paragraphs one through fifty-one (51).

53. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

54. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

55. Plaintiff incorporates Paragraphs one through fifty-one (51).

56. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

57. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

58. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

59. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Amanda J. Allen*
Amanda Allen, Esquire
FL Bar#: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
Lcrouch@forthepeople.com
Attorney for Plaintiff